UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAJURNIA A. HARRIS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 24-cv-02324 (APM) |
| SUSIE M. KING, et al. | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

**I.  INTRODUCTION**

Plaintiff Sajurnia Harris, proceeding *pro se*, filed this action against Defendants U.S. Department of Health and Human Services ("HHS") and two HHS attorneys, Susie King and Katherine Goetzl, in their official capacities. Plaintiff appears to bring claims under the Family and Medical Leave Act ("FMLA"), the Rehabilitation Act of 1973 ("Rehabilitation Act"), the Federal Tort Claims Act ("FTCA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). Before the court is Defendants' Motion to Dismiss. For the following reasons, the court grants Defendants' Motion.

**II.  BACKGROUND**

Plaintiff began working in the Office of Management and Policy ("OMP") at HHS on January 7, 2018, as a purchasing agent in the Acquisitions Division. Defs.' Mem. in Supp. of Defs.' Mot. to Dismiss, ECF No. 11 [hereinafter Defs.' Mem.], Ex. 1, ECF No. 11-1 [hereinafter Defs.' Ex. 1], at 1490–91. In November of that same year, OMP Director James Chestnut—Plaintiff's supervisor—issued a notice proposing to remove Plaintiff from federal service for one

charge each of "Absent without Leave (AWOL)," "Failure to Follow Supervisor Instructions," and "Lack of Candor." *Id.* at 1493. Director Chestnut's notice was sustained less than a month later. *Id.*

Plaintiff appealed her removal to the Merit Systems Protection Board ("MSPB") on January 25, 2019. *Id.* An MSPB Administrative Judge affirmed Plaintiff's removal in an Initial Decision issued on May 14, 2019, giving Plaintiff the opportunity to file a Petition for Review. *Id.* at 1517–18. Plaintiff filed that Petition with the MSPB in mid-June of 2019. Defs.' Mem. at 4.

On July 9, 2024, the MSPB issued a Final Order denying Plaintiff's Petition and affirming the Initial Decision, except for one specification of the AWOL charge. Compl., ECF No. 1 [hereinafter Compl.], Ex. 1, ECF No. 1-1, at 1–2. Plaintiff filed this suit on August 9, 2024. Compl.

### III. LEGAL STANDARD

"As the party claiming subject matter jurisdiction, [the plaintiff] has the burden to demonstrate that it exists." *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). Rule 12(b)(1) requires dismissal of a claim if the plaintiff fails to satisfy that burden. Fed. R. Civ. P. 12(b)(1).

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

Pro se parties' pleadings are "to be liberally construed," and despite inartful pleading, "must be held to less stringent standards than formal pleadings drafted by lawyers." *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 533 (D.C. Cir. 2015) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This less exacting standard does not, however, diminish the requirement that a complaint "present a claim on which the court can grant relief." *Solomon v. Univ. of S. California*, 360 F. App'x 165, 166 (D.C. Cir. 2010).

In evaluating Rule 12(b)(1) and 12(b)(6) motions to dismiss, the court "treats the complaint's factual allegations as true and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Abdelfattah*, 787 F.3d at 529 (citation modified).

## IV.    DISCUSSION

Plaintiff's complaint is not a model of clarity.  Some of her claims invoke a right to relief under a specific federal statute.  Others do not.  Several are unsupported by any cognizable legal theory.  The court, nonetheless, construes the complaint as asserting claims under the FMLA, Rehabilitation Act, FTCA, and Title VII.  The court addresses each in turn.

### A.    FMLA Claims

Plaintiff seeks damages under 29 U.S.C. § 2617, the enforcement provision of the FMLA. Compl. at 4.  Plaintiff alleges that Defendants interfered with the "exercise of [her] FMLA rights" and retaliated against her after she took leave under the Act.  Compl., ECF No. 1, Ex. 2, ECF No. 1-2 [hereinafter Pl.'s Ex. 2], at 8.

The FMLA forbids "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." *Elzeneiny v. District of Columbia*, 195 F. Supp. 3d 207, 217 (D.D.C. 2016).  To make out a claim of FMLA interference, "a plaintiff must show (1) employer conduct that reasonably tends to interfere with, restrain, or deny the

3

exercise of FMLA rights, and (2) prejudice arising from the interference." *Waggel v. George Washington Univ.*, 957 F.3d 1364, 1376 (D.C. Cir. 2020).

In this Circuit, "[i]f a plaintiff lacks direct evidence of employer discrimination or retaliation in the context of … FMLA claims," such claims are evaluated under the *McDonnell Douglas* framework. *Id.* at 1375; *see also Ball v. George Washington Univ.*, 798 F. App'x 654, 655 (D.C. Cir. 2020). Plaintiff's complaint proffers no direct evidence of retaliation or discrimination by Defendants. Hence, under the *McDonnell Douglas* framework, Plaintiff must establish a *prima facie* case of FMLA retaliation by "showing (1) the exercise of protected FMLA activity; (2) an adverse employment decision; and (3) a causal connection between the protected activity and the adverse action." *Waggel*, 957 F.3d at 1375 (citation modified). Defendants, however, insist that Plaintiff has no cause of action under the FMLA because (1) she is subject to Title II of the FMLA and (2) Title II does not provide a cause of action. Defs.' Mem. at 12–13; *see also Coulibaly v. Tillerson*, 273 F. Supp. 3d 16, 33 (D.D.C. 2017) ("Title I allows individual plaintiffs a private right of action, but Title II does not."). The court agrees with Defendants that Plaintiff has no cause of action under the FMLA.

"The FMLA consists of two titles, Title I, which applies to eligible employees, and Title II, which applies to federal employees." *Gardner v. United States*, 96-cv-1467 (EGS), 1999 WL 164412, at *7 (D.D.C. Jan. 29, 1999) (citation modified). Most federal employees are covered under Title II of the FMLA. 29 C.F.R. § 825.109(a) (2025); *Tillerson*, 273 F. Supp. 3d at 33 ("Title I expressly excludes any Federal … employee covered under Title II.") (citation modified). The threshold question, then, is whether Plaintiff is covered under Title II.

Title II requires that an individual "fit the definition of 'employee' in § 6301 of Title V of the United States Code." *Tillerson,* 273 F. Supp. 3d at 33–34 ("[T]o be eligible under Title II, an

4

individual must (1) be (a) duly appointed, (b) engaged in the performance of a federal function, and (c) subject to supervision by an officer or an appointed individual."); *see also* 5 U.S.C. § 6381(1); 5 U.S.C. § 2105. Additionally, under both titles of the FMLA, eligible employees are those who have "worked for their employers for at least one year." *Tillerson*, 273 F. Supp. 3d at 33; *see also* 29 U.S.C. § 2611(2)(A)(i); 5 U.S.C. § 6381(1)(B); *Coulibaly v. Kerry*, 130 F. Supp. 3d 140, 151 (D.D.C. 2015) ("As with 'eligible' employees under Title I, employees covered under Title II must have 'at least 12 months of service.'"). Plaintiff appears to satisfy § 6301's definition of employee. *See* Defs.' Ex. 1 at 1490–93. Still, there remains a question of length of employment. Plaintiff was employed with OMP only from January 7, 2018, to December 20, 2018, the date that her removal was sustained. *Id*. Although she worked for OMP less than 12 months, Defendants argue that Plaintiff is subject to Title II because "she had been a federal employee for approximately nineteen years and was listed as a 'permanent' employee on her SF-50 at the time she was hired." Defs.' Mem. at 12. The court agrees.

As noted, Title II of the FMLA requires that an employee "has completed at least 12 months of service." 5 U.S.C. § 6381(1)(B). The FMLA implementing regulations state the 12 months "need not be consecutive months." 29 C.F.R. § 825.110(b). They can be completed "at *any* time." 5 C.F.R. § 630.1201(b)(1)(ii) (regulation implementing the FMLA for federal employees) (emphasis added). Plaintiff's SF-50 Form shows that she satisfied this requirement. The form lists Plaintiff as a "permanent" employee as of the date of her appointment to OMP, states that her "[i]nitial probationary period" had been completed, and reflects federal service going back to January 2000. Defs.' Mem., Ex. 3, ECF No. 11-3, at 2 (CM/ECF pagination). Moreover, "virtually all types of civilian Federal service . . . are qualifying for purposes of applying the FMLA

eligibility requirement for 12 months of qualifying service." Off. of Pers. Mgmt., Family and Medical Leave Act (FMLA) 12-Week Entitlement, https://perma.cc/9L36-5SDG.

Defendants thus have established that Plaintiff falls under Title II of the FMLA. Plaintiff also does not contest her eligibility under Title II. Because Title II does not offer Plaintiff a private right of action, her FMLA claims fail. *See e.g.*, *Chandler v. Bernanke*, 531 F. Supp. 2d 193, 201 (D.D.C. 2008) (granting defendant's motion to dismiss because the plaintiff was federal employee with no private right of action under Title II of the FMLA).

### B.    Rehabilitation Act Claims

Plaintiff contends that whether Defendants satisfied their obligation under the ADA to "provide reasonable accommodations" is in dispute. Pl.'s Ex. 2 at 27. Yet, the ADA provides no remedy to federal employees as "the federal government is not considered an 'employer' under the ADA." *Williams v. Brennan*, 285 F. Supp. 3d 1, 7 (D.D.C. 2017). Plaintiff's sole avenue for relief is the Rehabilitation Act of 1973, which "provides a remedy to federal employees." *Id.* (citation modified). The court construes the complaint as asserting a "failure to accommodate" claim under that Act. She appears to complain that Defendants denied her a disabled parking accommodation. Pl.'s Mem. in Opp'n to Defs.' Mot. to Dismiss, ECF No. 13 [hereinafter Pl.'s Opp'n], Ex. 1, ECF No. 13-1, at 16, 19, 23 (CM/ECF pagination).

The Rehabilitation Act draws from Title VII's procedures and thus "the only proper defendant is the head of the department, agency, or unit." *Paegle v. Dep't. of Interior*, 813 F. Supp. 61, 64 n.2 (D.D.C. 1993) (citation modified). Plaintiff's complaint names HHS itself and two of its attorneys as defendants but fails to name the head of the agency. Compl. at 1–2. That alone is grounds for dismissal. *See e.g., Norris v. Salazar*, 885 F. Supp. 2d 402, 412 (D.D.C. 2012) (dismissing the plaintiff's claim under Rehabilitation Act for failing to name proper defendant).

6

Even if Plaintiff had named the proper defendant, her claim would fail. To establish a *prima facie* case of discrimination on a failure-to-accommodate theory, a plaintiff must plausibly allege that "(1) she had a qualifying disability within the meaning of the statute, (2) her employer had notice of the disability, (3) with reasonable accommodation, she could perform the essential functions of the position, and (4) she requested an accommodation but the employer denied her request." *Doak v. Johnson*, 19 F. Supp. 3d 259, 273 (D.D.C. 2014). Assuming that Plaintiff has satisfied the first three elements, she has not pleaded that her request for accommodation was denied. Defs.' Reply in Supp. of Defs.' Mot., ECF No. 16 [hereinafter Defs.' Reply], at 7–8. Indeed, the record before the court is to the contrary. The MSPB's Initial Decision found that her employer *granted* her request for a parking pass. Defs.' Ex. 1 at 1511–16. Plaintiff makes no fact assertion that plausibly rebuts that finding.

Moreover, Plaintiff alleges that Defendants did not engage in a good faith, "interactive process [with Plaintiff] in determining an appropriate accommodation." Pl.'s Ex. 2 at 28. But even if true, courts in this Circuit consistently have held that there is no independent cause of action for such failure. *See, e.g., Floyd v. Lee*, 85 F. Supp. 3d 482, 511 (D.D.C. 2015) ("[T]here is no independent liability for failure to engage in the interactive process.").

If, as Defendants suggest, Plaintiff seeks to challenge her removal under the Rehabilitation Act, her claim still fails. Defs.' Mem. at 10. To state a disability discrimination claim under the Rehabilitation Act, "a plaintiff must allege: (1) that she has a disability as defined in the … Rehabilitation Act, (2) that she was qualified for her position, and (3) that she suffered an adverse employment action because of her disability." *Congress v. Dist. of Columbia*, 324 F. Supp. 3d 164, 169 (D.D.C. 2018). To state a retaliation claim under the Act, plaintiff must establish that "(1) she engaged in a protected activity, (2) the defendant took a materially adverse

7

action against her, and (3) there was a causal connection between the protected activity and the adverse action." *Congress v. Dist. of Columbia*, 514 F. Supp. 3d 1, 16–17 (D.D.C. 2020) [hereinafter *Congress II*].

To support her discrimination claim, Plaintiff asserts that her complaint "details specific instances where [she], a member of a protected class, was subjected to adverse actions not similarly imposed on non-protected class counterparts." Pl.'s Opp'n at 5. These "specific instances," however, appear nowhere in Plaintiff's materials. *See generally* Compl; Pl.'s Opp'n; Pl.'s Ex. 2; Pl.'s Ex. 3. Plaintiff also fails to plead facts supporting a claim of retaliation under the Rehabilitation Act. A good-faith request for reasonable accommodation is a protected activity under the Act. *Solomon v. Vilsack*, 763 F.3d 1, 15 (D.C. Cir. 2014). Nonetheless, the complaint and other materials—even accepted as true—do not support an inference that Plaintiff's employment was terminated because of her request for reasonable accommodation. *See Congress II*, 514 F. Supp. 3d at 17 ("[T]he plaintiff must show that the adverse action would not have occurred but for the protected activity."). For these reasons, Plaintiff has failed to establish a valid claim under the Rehabilitation Act.

### C. FTCA Claims

Plaintiff seeks money "damages for distress[;] damages for financial distress; damages for slander[; and] damages to her federal career." Compl. at 4. These claims, as Defendants note, sound in tort. Defs.' Mem. at 13. Hence, the sole avenue for relief is the FTCA, which provides federal courts with "jurisdiction over claims arising from certain torts committed by federal employees . . . and waives the government's sovereign immunity for such claims." *Williams v. Wilkie*, 320 F. Supp. 3d 191, 197–98 (D.D.C. 2018) (citation modified). Defendants argue that Plaintiff failed to name the proper defendant under the FTCA and to exhaust her administrative

remedies. Defs.' Mem. at 13–15. Defendants also contend that the United States has not waived sovereign immunity for claims of slander. *Id.* at 16–17. The court agrees with each contention.

First, Plaintiff's complaint does not name the proper defendant. "[T]he proper defendant to an action under the FTCA is the United States of America," and Plaintiff has named an agency and individual employees. *Kissi v. Simmons*, 09-cv-1377 (EGS), 2009 WL 3429567, at *1 (D.D.C. Oct. 22, 2009).

Second, the FTCA requires that a claimant "exhaust their administrative remedies prior to filing suit." *McNeil v. United States*, 508 U.S. 106, 107 (1993) (citation modified). A claim must first "be presented to the appropriate federal agency prior to commencement of a lawsuit." *GAF Corp. v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987) (citation modified). In this Circuit, "jurisdictionally adequate presentment" requires that a plaintiff provide the appropriate agency with "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *Id.* at 905. Plaintiff needed to file a Standard Form 95 ("SF-95") with HHS before commencing this suit. Defs.' Mem. at 14–15; *see also* 28 C.F.R. § 14.2(a). Nothing in Plaintiff's voluminous papers filed with the court suggests that she did so. *See Slate v. Dist. of Columbia*, 79 F. Supp. 3d 225, 233 (D.D.C. 2015) ("[I]n an FTCA case a plaintiff must plead administrative exhaustion."); *Colbert v. U.S. Postal Service*, 831 F.Supp.2d 240, 243 (D.D.C. 2011) ("A plaintiff must therefore plead administrative exhaustion in an FTCA case.").

Third, the FTCA does not apply to "[a]ny claim arising out of . . . slander," which appears to be the sole tort that she asserts. 28 U.S.C. § 2680(h).

9

**D.     Title VII Claims**

Plaintiff alleges sex discrimination by Defendants in violation of Title VII.  Pl.'s Opp'n at 5.  To support her claim, Plaintiff points to "numerous instances that collectively suggest a pattern of discriminatory treatment based on sex."  *Id.* at 6.  The court fails to see what Plaintiff sees.

Title VII discrimination claims have two essential elements: "(i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, color, religion, sex, national origin, age, or disability."  *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008).  Here, neither the complaint nor Plaintiff's Opposition offer any factual basis supporting a reasonable inference that Plaintiff was terminated because of her sex.  *See* Defs.' Reply at 3–7.  She alleges "that she was treated less favorably than her male counterparts, particularly citing differential treatment regarding leave policies and disciplinary actions which were not equally enforced among similarly situated male employees."  Pl.'s Opp'n at 6.  She does not, however, support her claim with any factual allegations of more favorable treatment for similarly situated male co-workers.  *See Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 531 (D.C. Cir. 2025) ("[I]t cannot be enough to simply allege that the plaintiff was treated differently from a 'similarly situated' comparator, without additional allegations showing the comparators are in fact 'similarly situated' in some meaningful respect.").  Nor does she describe any workplace incidents that are plausibly suggestive of sex discrimination.

Accordingly, Plaintiff has failed to make out a sex discrimination claim under Title VII.

## V. CONCLUSION

For the foregoing reasons, the court grants Defendants' Motion to Dismiss, ECF No. 11. Because none of Plaintiff's claims survive, consolidation with *Harris v. Department of Health & Human Services*, Civ. A. No. 21-3401 (APM) (D.D.C.), is unwarranted.

A final, appealable order accompanies this Memorandum Opinion.

Dated: July 25, 2025

Amit P. Mehta
United States District Judge